Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
NEELEMAN LAW GROUP, P.C.
1403 8th Street
Marysville, WA 98270
Telephone: (425) 212-4800
Facsimile: (425) 212-4802
Email: jennifer@neelemanlaw.com

The Honorable Christopher M. Alston
United States Bankruptcy Court
Chapter 11 Proceeding

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In Re:

   Di Antar Group, LLC

Debtor-in-Possession.

Case No. 25-11655

PRE-CONFIRMATION REPORT

COMES NOW the Debtor-in-Possession, Di Antar Group, LLC ("Debtor") pursuant to Local Bankruptcy Rule 3020-1(a) and hereby submits the Pre-Confirmation Report regarding the Debtor's Plan of Reorganization filed September 15, 2025.

## I.    INTRODUCTION

A.    Debtor filed a Plan ("Plan") on September 15, 2025 [ECF No. 63] . The Plan with Exhibits, Ballot, and Order Setting Confirmation Hearing and Related Deadlines were circulated to all parties on September 25, 2025 as set forth in the Proof of Service filed on September 25, 2025 [ECF No. 65].

B.    The Plan provided for two (2) classes of impaired claims, more specifically,

    a. Class 1 – Secured Claim of Gesa Credit Union

    b. Class 2 – General Unsecured Claims

C.    Both Classes were entitled to vote for or against the Plan. Class 1 and Class 2 both voted to reject the Plan.

D. An objection was filed by creditor, Gesa Credit Union on October 7, 2025. The Debtor sets forth its response to the objection below.

E. As set forth more fully below, the Plan meets all requirements for confirmation under 11 U.S.C. §1191(b).

## II. JURISDICTION, VENUE, AND STATUTORY PREDICATES

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor seeks an order confirming the Plan, and the statutory predicates for such relief are sections 1122, 1123, 1125, 1129, and 1191 of the Bankruptcy Code.

## III. RESPONSE TO OBJECTION BY CREDITOR, GESA CREDIT UNION

Debtor hereby responds to the objection filed by Gesa Credit Union ("Creditor") as follows:

1) Creditor is secured as to assets of the Debtor as set forth on the UCC-1 financing statement filed on November 17, 2023, File Number: 2023-321-6878-0.

2) Debtor's Plan provides for the claim of Creditor to be paid a secured amount of $74,400.00 representing the value of assets in which the estate has an interest, more specifically inventory and equipment, with the remaining balance of the claim paid as a Class 2 General Unsecured Claim.

3) As stated in Creditor's objection, Creditor was granted a security interest in various business fixtures and assets as perfected by a UCC-1 financing statement and a security interest in the real property located at 3116 164th St. SW, Unit 214, Lynnwood, WA 98087 pursuant to a Deed of Trust.

Pre-Confirmation Report

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

Case 25-11655-CMA   Doc 79   Filed 10/27/25   Ent. 10/27/25 22:42:22   Pg. 2 of 7

4) The real property is owned exclusively by the guarantors of the obligation to Creditor and the Debtor has no interest in the real property.

5) The Plan accurately characterizes the secured claim of Creditor as it provides for "…..a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" as set forth in 11 U.S.C. §506(a)(1). The estate only has an interest in the equipment and inventory and the objection should be overruled.

## IV. PRE-CONFIRMATION REPORT

Debtor believes confirmation of the Plan of Reorganization (hereinafter "Plan") under 11 U.S.C. §1191 is possible at this time given that Debtor meets the provisions of this section and under 11 U.S.C. §1129(a), as applicable, of the Bankruptcy Code as set forth below:

1) **The Plan Complies with Bankruptcy Code §1129(a)(1).** The Plan complies with the applicable provisions of the Bankruptcy Code.

2) **The Plan Proponent Complies with Bankruptcy Code §1129(a)(2).** The Debtor complies with the applicable provisions of the Bankruptcy Code.

3) **The Plan Proponent Complies with Bankruptcy Code §1129(a)(3).** The Plan has been proposed in good faith and not by any means forbidden by law. Plan contains no provisions that are contrary to state or other laws and the Debtor has the ability to consummate the Plan by making regular monthly payments as proposed by the Plan from regular business income.

4) **The Plan Complies with Bankruptcy Code §1129(a)(4).** Debtor's counsel, Neeleman Law Group, P.C., will submit a fee application setting forth the amount of fees owed. Any payment made or to be made by the Debtor for services or costs and expenses in connection with the case has been or will be approved by the Court as reasonable.

Pre-Confirmation Report

**Neeleman Law Group**
1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

Case 25-11655-CMA    Doc 79    Filed 10/27/25    Ent. 10/27/25 22:42:22    Pg. 3 of 7

5) **The Plan Complies with Bankruptcy Code §1129(a)(5).** No individuals are proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, participate in a joint plan with the Debtor, or be a successor to the Debtor under the Plan. Article 1 Section 1.02 and 1.03 of the Plan identifies Hee Soo Kim as an insider of the Debtor and states that Ms. Kim will serve as a Manager of the Debtor during the Plan term and will be compensated according to Exhibit C of the Plan.

6) **Bankruptcy Code §1129(a)(6) is not applicable to this case.** Debtor does not propose a rate change requiring governmental regulatory commission approval, therefore this provision is inapplicable.

7) **The Plan Complies with Bankruptcy Code §1129(a)(7).** A hypothetical liquidation analysis in Chapter 7 has been filed and attached to the Plan as Exhibit E. Under the Plan, each individual holder of a claim or interest who has not accepted the plan will receive or retain property having a present value of not less than what such holder would receive if the property were liquidated under the Chapter 7.

8) **Not withstanding Bankruptcy Code §§1129(a)(8), the Plan meets the exception under §1191(b).** Impaired Classes 1 and 2 voted against the Plan. The requirement for confirmation is not met under §1129(a), but is allowed as an exception under 11 U.S.C. §1191(b). 11 U.S.C. §1191(b) provides the Plan may still meet the requirements for confirmation if, "….the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan".

Class 1 of Debtor's Plan is a class of a secured claim. Pursuant to 11 U.S.C. §1191(c)(1), the Plan is considered to be fair and equitable with respect to each class of secured claims if requirements of §1129(b)(2)(A) are met. To be considered fair and equitable with respect to a

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 79    Filed 10/27/25    Ent. 10/27/25 22:42:22    Pg. 4 of 7

class of secured claims, the plan must provide each class of secured claims retain their lien securing such claim and each holder of a claim receives the value of such holder's interest in the property of the Debtor.

The Plan does not discriminate unfairly and is fair and equitable with respect to the Class 1 which has not voted for or against the Plan. Class 1 consists of the secured claim of the Gesa Credit Union. The Plan sets forth in Section 9.13 that the "lien of Classes of Secured Creditors as provided for in Article V shall be retained until all required payments to the creditors under the Plan are complete". The secured claim of Class 1 is being paid at least the value of such interest in the property of the Debtor. The Plan provides for a secured claim in the amount equal to the value of Debtor's unencumbered assets as listed on Schedule A/B.

Class 2 is a class of unsecured claims. Pursuant to 11 U.S.C. §1191(c), as of the effective date of the Plan, the Plan is considered to be fair and equitable to classes of unsecured claims if the plan provides 1) that all of the projected disposable income of the Debtor be received in the 3 year period beginning on the date that the first payment is due under the plan; 2) that there is a reasonable likelihood that the Debtor will be able to make all payments under the plan and 3) the plan provides appropriate remedies to protect the holders of claims or interests in the event that the payments are not made. With respect to the treatment of Class 2, the Debtor believes the Plan meets the requirements under 11 U.S.C. §1191(c).

The Debtor has filed income and expense projections, which are filed as Exhibit C to the Plan. The proposed Plan does not discriminate unfairly and proposes to pay the claims of Class 2 consistent with the Debtor's available disposable income. The income and expense projections show there is a reasonable likelihood that the Debtor will be able to make all payments under the

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 79    Filed 10/27/25    Ent. 10/27/25 22:42:22    Pg. 5 of 7

Plan. Section 13 of the Plan provides appropriate remedies as set forth in 11 U.S.C. §1191 (c)(3)(B).

9) **The Plan Complies with Bankruptcy Code §1129(a)(9).** As set forth above, administrative fees owed to Neeleman Law Group and the Chapter 11 Subchapter V Trustee will be applied for and include fees up through confirmation. The holders of the claims have agreed to a different treatment of such claim than that prescribed in §1129(a)(9)(A) of the Bankruptcy Code, specifically to be paid through Debtor's plan from regular income of the Debtor.

No wage claims or other claims entitled to priority under section 507(a) of the Bankruptcy Code have been filed and therefore §1129(a)(9)(B) is inapplicable.

The Plan satisfies the requirements of 11 U.S.C. §1129(a)(9)(C) with respect to the treatment of priority tax claims under 11 U.S.C. §507(a)(8) including the priority tax claims of the Internal Revenue Service, Washington Department of Revenue, Washington Employment Security, and Washington Department of L&I.

10) **Notwithstanding Bankruptcy Code §§1129(a)(10), the Plan meets the exception under §1191(b).** No class of impaired claims have voted to accept the Plan; however, under §1191(b) as set forth in section 8 above, the plan complies with §1129(a)(10).

11) **The Plan Complies with Bankruptcy Code §1129(2)(11).** The Plan shall be funded by regular net income of the Debtor. Payments under the plan will be feasible in the interim such that confirmation of the Plan is not likely to be followed by the need for liquidation other than that provided in the Plan.

12) **The Plan Complies with Bankruptcy Code §1129(a)(12).** Debtor paid the Chapter 11 filing fee upon filing and owes no other court fees or fees to the US Trustee.

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 ‖ F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 79    Filed 10/27/25    Ent. 10/27/25 22:42:22    Pg. 6 of 7

13) **Bankruptcy Code §1129(a)(13) is not applicable to this case.** Debtor is unaware of any obligation to pay retiree benefits and therefore has not provided for them in the Plan.

14) **Bankruptcy Code §1129(a)(14) is not applicable to this case.** The Debtor is not required by a judicial or administrative order or by statute to pay a domestic support obligation.

15) **Bankruptcy Code §1129(a)(15) is not applicable to this case.** The Debtor is not an individual.

16) **Bankruptcy Code §1129(a)(16) is not applicable to this case.** Debtor is not a non-commercial corporation or trust, therefore this provision is inapplicable.

Wherefore, Debtor respectfully requests confirmation of the Chapter 11 Plan filed on September 15, 2025.

Dated this 27th day of October, 2025

                        NEELEMAN LAW GROUP, P.C.

                        /s/ Jennifer L. Neeleman
                        Jennifer L. Neeleman, WSBA #37374
                        Attorney for Debtor

Pre-Confirmation Report

1403 8th Street  
Marysville, WA 98270  
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 79    Filed 10/27/25    Ent. 10/27/25 22:42:22    Pg. 7 of 7