Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
NEELEMAN LAW GROUP, P.C.
1403 8th Street
Marysville, WA 98270
Telephone: (425) 212-4800
Facsimile: (425) 212-4802
Email: jennifer@neelemanlaw.com
Attorney for Debtor

Honorable Christopher M. Alston

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

Di Antar Group, LLC

      Debtor.

Case No.: 25-11655

Chapter 11

### DECLARATION OF HEE SOO KIM IN SUPPORT OF CONFIRMATION OF THE PLAN OF REORGANIZATION FILED ON SEPTEMBER 15, 2025, BY DEBTOR, DI ANTAR GROUP, LLC UNDER CHAPTER 11 SUBCHAPTER V OF THE BANKRUPTCY CODE

I, Hee Soo Kim, hereby submits this declaration (the "Declaration") and declare under penalty of perjury that the following information is true and correct to the best of my knowledge, information, and belief.

1. I am the Managing Member of the Debtor in the above referenced Chapter 11 case and have personal knowledge of the facts asserted herein. I am duly authorized to make this Declaration.

2. I submit this Declaration in support of confirmation of Debtor's Plan of Reorganization filed on September 15, 2025 (together with all exhibits, the "Plan"). Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge,

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 ‖ F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 80    Filed 10/28/25    Ent. 10/28/25 08:41:08    Pg. 1 of 8

information provided by professional or consultants, or information I obtained by reviewing relevant documents.

3. If called upon to testify, I could and would testify competently as to the facts set forth herein.

4. In making the statements and arriving at the conclusions set forth herein, I have relied upon and/or considered, among other things, the following: (a) my personal knowledge; (b) the Plan; and (c) my discussions with other professionals and advisors.

*The Plan Satisfies the Plan Confirmation requirements Under Bankruptcy Code § 1191(b)*

5. Based on the foregoing I believe that the Plan satisfies all applicable provisions of the § 1129(a) of the United States Bankruptcy Code and should be confirmed.

6. **The Plan Complies with Bankruptcy Code §1129(a)(1).** I understand that a plan may be confirmed only if "[t]he plan complies with the applicable provisions of [the Bankruptcy Code]." I further understand that the primary focus of this requirement is to ensure that a plan complies with Bankruptcy Code §§ 1122 and 1123, which govern classification of claims and interests and the contents of a plan, respectively.

7. I understand that, under Bankruptcy Code §1122, a plan may classify various claims and interests into different classes, so long as all the claims and interest in a particular class are substantially similar. It is my understanding that valid business, factual, and legal reasons exist for classifying the claims and interests into separate classes under the Plan and that the claims or interests in each particular class are substantially similar. Similar claims and interests have not been placed into different classes in order to affect the outcome of the vote on the Plan. Accordingly, I believe that the Plan satisfies §1122 of the Bankruptcy Code.

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

8. Furthermore, I understand that Bankruptcy Code §1123(a) requires that a Chapter 11 plan; (a) designate classes of claims and interests; (b) specify unimpaired classes of claims and interests; (c) specify treatment of impaired classes and claims and interests; (d) provide for equality of treatment within each class; (e) provide adequate means for the plan's implementation; (f) provide for the prohibition of nonvoting equity securities and provide an appropriate distribution of voting power amount the classes of securities; and (g) contain only provisions that are consistent with the interests of the creditors. I understand that the Plan satisfies each of these requirements. Article III of the Plan designates two (2) separate Classes of Claims and Interests as required by the Bankruptcy Code §1123(a)(1). Article V of the Plan specifies that the Claims in Classes 1 and 2 are impaired and describes the treatment of each class pursuant to the Bankruptcy Code §1123(a)(3). Further, as required by Bankruptcy Code §1123(a)(4), the treatment of each Claim or Interest within a Class is either (i) the same as treatment of each other Claim or Interested in such class or (ii) otherwise consistent with the legal rights of such claimant. In accordance with the requirements of Bankruptcy Code §1123(a)(5), the Plan provides adequate means for its implementation through Article VIII and various other provisions.

9. **The Plan Proponent Complies with Bankruptcy Code §1129(a)(2).** I believe that the Plan has complied with the applicable provisions of the Bankruptcy Code. I also understand on September 25, 2025, the Plan with Exhibits, Order Setting Confirmation Hearing and Related Deadlines, and Ballot were mailed to all creditors and parties of interest as set forth on the proof of service filed on September 25, 2025. According to the best of my knowledge, I

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 80    Filed 10/28/25    Ent. 10/28/25 08:41:08    Pg. 3 of 8

have complied with all applicable disclosure and solicitation requirements set forth in the Bankruptcy Code.

10. **The Plan Proponent Complies with Bankruptcy Code §1129(a)(3).** I understand that under Bankruptcy Code §1129(a)(3), a plan must be "proposed in good faith and not be any means forbidden by law." I structured and proposed the Plan in a manner that effectuates the objectives and purposes of the Bankruptcy Code. I believe that the Plan contains no provisions that are contrary to state or other laws nor is there any indication that I lack the ability to consummate the Plan. For these reasons, I believe the Plan was filed in good faith to further the purposes of the Bankruptcy Code, and I therefore believe that it satisfies the requirements of §1129(a)(3) of the Bankruptcy Code.

11. **The Plan Complies with Bankruptcy Code §1129(a)(4).** I understand that Bankruptcy Code §1129(a)(4) requires: "Any payment made… by the debtor… for services or for costs and expenses in or in connection with the case… has been approved by, or in subject to the approval of, the court as reasonable." Pursuant to the Plan and other orders of the Court, all Professional Fee Claims are subject to Court approval. Accordingly, I believe that the Plan complies with the requirements of Bankruptcy Code §1129(a)(4).

12. **The Plan Complies with Bankruptcy Code §1129(a)(5).** The identity of all individuals proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, participate in a joint plan with the Debtor, or be a successor to the Debtor under the plan has been disclosed in the Plan.

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 80    Filed 10/28/25    Ent. 10/28/25 08:41:08    Pg. 4 of 8

13. **The Plan Complies with Bankruptcy Code §1129(a)(6).** Debtor does not propose a rate change requiring governmental regulatory commission approval; therefore, this provision is inapplicable.

14. **The Plan Complies with Bankruptcy Code §1129(a)(7).** I understand that to satisfy Bankruptcy Code §1129(a)(7), the Debtor must demonstrate that with respect to each impaired class of claims or interests, each individual holder of a claim or interest has either accepted the plan or will receive or retain property having a present value, as of the effective date of the plan, of not less than what such holder would receive if the debtor were liquidated under Chapter 7 of the Bankruptcy Code at that time.

15. I also understand that the "best interests" test applies to individual dissenting creditors or interest holders, rather than classes of claims and interests, and is generally satisfied through a comparison of the estimated recoveries for a debtor's stakeholders in a hypothetical liquidation of that debtor's estate under Chapter 7 of the Bankruptcy Code against the estimated recoveries under that Debtor's Chapter 11 Plan.

16. I am familiar with the hypothetical liquidation analysis attached to the Plan as Exhibit E (the "Liquidation Analysis") and the underlying financial data and assumptions upon which the Liquidation Analysis is based. I believe that the estimated liquidation values set forth in the Liquidation Analysis are fair and reasonable estimates of the value of my assets based on the assumptions set forth therein. I believe that the estimates as to the ultimate amount of allowed claims against, and expenses of, the hypothetical Chapter 7 estates are fair and reasonable and, based on those estimates combined with the estimated liquidation values of

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 ‖ F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 80    Filed 10/28/25    Ent. 10/28/25 08:41:08    Pg. 5 of 8

assets, that each Class of Claims under the Plan will receive at least as much as that Class would receive in a hypothetical chapter 7 liquidation.

17. With respect to the Liquidation Analysis, it is assumed that payment will be accomplished with funds generated post confirmation and will begin as set forth in the Plan. I believe the Plan complies with §1129(a)(7) of the Bankruptcy Code.

18. **Not withstanding Bankruptcy Code §§1129(a)(8), the Plan meets the exception under §1191(b).** I understand that Bankruptcy Code §1129(a)(8) requires that "with respect to each class of claims or interest – (A) such class has accepted the plan or (B) such class is not impaired under the Plan." The requirement for confirmation is not met under §1129(a)(8) but 11 U.S.C. §1191(b) provides, by way of exception that the Plan may still meet the requirements for confirmation if, "….the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan". Classes 1 and 2 have not accepted the Plan.

19. With respect to the treatment of Class 1, I believe the Plan meets the requirements under 11 U.S.C. §1191(c). The Plan is fair and equitable with respect to the secured claim of Class 1. The secured claim of Class 1 will retain its lien securing the claim and will receive at least the value of such interest in the property of the Debtor, which is consistent of the value of Debtor's assets listed on Schedule A/B of the Statements & Schedules. Section 13 of the Plan provides appropriate remedies as set forth in 11 U.S.C. §1191 (c)(3)(B).

20. With respect to the treatment of Class 2, I believe the Plan meets the requirements under 11 U.S.C. §1191(c). The Plan is fair and equitable with respect to the unsecured claims of Class 2. The Debtor has filed income and expense projections, which are filed as Exhibit C to

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

the Plan.  The proposed Plan does not discriminate unfairly and proposes to pay the claims of Class 2 consistent with the Debtor's available disposable income.  The income and expense projections show there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan.

21. The exception to §1129(a)(8) has been met with respect to each class that has not voted in favor of the Plan.

22. **The Plan Complies with Bankruptcy Code §1129(a)(9).**  I understand that all administrative and priority claims against the Debtor will be satisfied in the manner required by §1129(a)(9) of the Bankruptcy Code, unless such holder of a particular claim has agreed to different treatment of such claim.

23. **Notwithstanding Bankruptcy Code §§1129(a)(10), the Plan meets the exception under §1191(b).**  No class of impaired claims have voted to accept the Plan; however, under §1191(b) as set forth in section 18 above, the plan complies with §1129(a)(10).

24. **The Plan Complies with Bankruptcy Code §1129(2)(11).**  Based on my knowledge and the terms of the Plan, I believe that the Plan is feasible.  I understand that Bankruptcy Code §1129(a)(11) provides that a court may confirm a plan only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, or the debtor or any successor to the debtor under the plan." The Plan as proposed, provides for the payment of unsecured claims with a pro rata dividend to general unsecured claims from earnings generated from the Debtor's operation of its business.  I have set forth in Exhibit C to the Plan, income and expense projections as to the amount of income and

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 25-11655-CMA    Doc 80    Filed 10/28/25    Ent. 10/28/25 08:41:08    Pg. 7 of 8

expenses the Debtor can reasonably expect during the next 5-year period. Based on the above, I believe the Plan is feasible and satisfies Bankruptcy Code §1129(a)(11).

25. **The Plan Complies with Bankruptcy Code §1129(a)(12).** The Chapter 11 filing fee was paid upon the filing of the petition, and I do not owe other court fees. There are no outstanding fees due to the US Trustee. I believe the Plan satisfies §1129(a)(12) of the Bankruptcy Code.

26. **Bankruptcy Code §1129(a)(13) is not applicable to this case.**

27. **Bankruptcy Code §1129(a)(14) is not applicable to this case.**

28. **Bankruptcy Code §1129(a)(15) is not applicable to this case as the Debtor is not an individual.**

29. **Bankruptcy Code §1129(a)(16) is not applicable to this case.**

30. **The Plan Complies with Bankruptcy Code §1129(c).** The Plan is the sole plan that has been proposed, and thus I believe that the requirement of section 1129(c) has been met.

31. **The Plan Complies with Bankruptcy Code §1129(d).** The Plan does not have as one of its principal purposes the avoidance of taxes or avoidance of requirements of section 5 of the Securities Act of 1933, and I am not aware of any filing by any governmental agency asserting such avoidance. Thus, I believe that the requirements of §1129(d) have been met.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 28th day of October, 2025

    /s/ Hee Soo Kim
By: Hee Soo Kim
Managing Member

Declaration

1403 8th Street
Marysville, WA 98223
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**